## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

Ali S. Muhammad,

                Plaintiff,

                        Case No. 1:20-cv-4802-MLB

v.

Tim O'Brien, et al.,

                Defendants.

_____/

## **OPINION & ORDER**

Pro se Plaintiff Ali S. Muhammad sued Defendants Tim O'Brien; Select Portfolio Servicing, Inc. ("SPS"); JPMorgan Chase Bank, N.A. ("Chase"); and Deutsche Bank,[1] alleging breach of a settlement agreement. (Dkt. 23 at 1.) Defendants moved to dismiss. (Dkts. 4; 8.) Magistrate Judge Anand issued a Report and Recommendation ("R&R"), saying the Court should grant Defendants' motions. (Dkt. 23 at 2.) When, as here, a party files no objections to a magistrate judge's

---

[1] Defendant "Deutsche Bank" states it has been incorrectly named in the complaint, and that its correct name is Deutsche Bank National Trust Company, a Trustee, in trust for the registered Holders of Long Beach Mortgage Loan Trust 2005-WL3, Asset-Backed Certificates, Series 2005-WL 3. (Dkt. 1 ¶ 1.)

recommendation, a court reviews the record for plain error. *See United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam). After doing so, the Court finds no error in Magistrate Judge Anand's recommendations and adopts it in full.

## I.   Background

Plaintiff has frequented this Court for various disputes with Chase and other entities related to a property located at 1560 Ravens Run in Jonesboro, Georgia. From 2015 to 2019, the Court dismissed several of Plaintiff's actions for failure to state a claim. *See Muhammad v. Dimon*, No. 1:15-CV-0107-AT-ECS, N.D. Ga.; *Muhammad v. JPMorgan Chase Bank, USA,* No. 1:15-CV-4479-AT-WEJ, N.D. Ga.; *Muhammad v. Deutsche Bank Nat'l Tr. Co.*, No. 1:17-CV-4330-MLB-JSA, N.D. Ga. ("the 2017 Action"). Plaintiff also voluntarily dismissed a case in 2019, after a magistrate judge recommended dismissal. *See Muhammad v. JP Morgan Chase Bank, USA*, No. 1:19-CV-0417-MLB-JSA, N.D. Ga. ("the 2019 Action").[2]

---

[2] The Court refers to Plaintiff's third and fourth cases in this Court as "the 2017 Action" and the "the 2019 Action" as that is how Plaintiff refers to those actions in his complaint and amended complaint. (Dkt. 2 ¶ 2.)

2

In this case, Plaintiff alleges that, on or about July 2, 2019, he entered a "Confidential Settlement Agreement and Release" (the "Settlement Agreement") with Defendant Chase to resolve and release the 2017 Action and 2019 Action.  (Dkts. 2 ¶ 2; 2-1.)[3]  The Settlement Agreement required Plaintiff to file a notice of dismissal with prejudice in the 2019 Action, withdraw his motion for reconsideration in the 2017 Action, and agree to not file any additional motions for reconsideration and/or appeals of either the 2017 Action or the 2019 Action.  (Dkt. 2-1 ¶¶ 3.1–3.3.)  The Settlement Agreement also provided that, within thirty days of Plaintiff's dismissal with prejudice of the 2019 Action and the withdrawal of his motion for reconsideration in the 2017 Action, Defendant Chase would pay Plaintiff $2,500.  (*Id.* ¶ 3.4.)

Plaintiff further alleges Defendant SPS is the "servicer for the mortgage loan in this matter," and that Defendant Deutsche Bank "is the owner and holder of the mortgage note in question or is the investor in that mortgage."  (Dkt. 2 ¶ 4.)  After entering the Settlement Agreement

---

[3] Although Plaintiff alleges he and Defendant Chase entered into the Settlement Agreement, the version he attached as Exhibit A to the amended complaint is signed only by Plaintiff, not by Defendant Chase. (Dkt. 2-1 at 7.)

with Defendant Chase, Plaintiff claims he sent a demand letter to Defendant O'Brien advising Defendant SPS had cancelled $270,705.21 in debt against Plaintiff's account pursuant to a cancellation of debt notice dated June 27, 2019.  (*Id*. ¶ 7.)[4]  Plaintiff alleges he informed Defendant O'Brien his "account should have a zero balance based upon the amount of debt cancelled, which was greater than the mortgage loan balance and exceeded the value of the property in question" and demanded "a refund of all amounts paid in 2019."  (*Id*.)[5]  He contends that, despite this demand letter, Defendant SPS "continued to breach the Agreement and their own Debt Cancellation documents by continuing to send statements demanding payment of $9,367.82."  (*Id*. ¶ 8.)

---

[4] While Plaintiff states the alleged cancellation of debt notice is attached as Exhibit B, the amended complaint includes no Exhibit B.  (Dkt. 2.)  Plaintiff's original complaint, however, included a copy of a cancellation of debt notice.  (*See* Dkt. 1-2 at 16 ("Cancellation of Debt Form 1099-C," which states that the creditor's name is "Select Portfolio Servicing, Inc.").)

[5] While Plaintiff states the letter sent to Defendant O'Brien is attached as Exhibit D, the amended complaint includes no Exhibit D.  (Dkt. 2.)  Plaintiff's original complaint, however, included a copy of a letter to Defendant O'Brien from Plaintiff's counsel dated September 28, 2020.  (Dkt. 1-2 at 18.)

Plaintiff asserts six counts.  In Count I, entitled "Enforcement of Agreement," Plaintiff claims Defendants O'Brien, SPS,[6] and Chase violated the Settlement Agreement by "[c]ontinuing to collect a mortgage debt that they were not entitled to collect based upon both their Agreement and the Cancellation of Debt documents," "refusing to reduce Plaintiff's account to zero balance," "refusing to record a Satisfaction of Mortgage Debt," and "refusing to refund monies paid by Plaintiff in 2019 after the mortgage debt had been cancelled."  (*Id.* ¶ 10.)  In Count II, entitled "Money Damages for Breach of Contract," Plaintiff alleges Defendants O'Brien, SPS, and Chase breached the Settlement Agreement and violated the letter and spirit of the parties' good faith and intentions.  (*Id.* ¶ 12.)  In Count III, entitled "Declaratory Relief," Plaintiff requests the Court issue a final judgment and declaration that the mortgage debt has been cancelled and discharged.  (*Id.* ¶ 19.)  In Count IV, entitled "Refund of All Monies Paid," Plaintiff states his "Mortgage

---

[6] The Magistrate Judge interpreted Count I to not be brought against Defendant SPS because Plaintiff did not use an oxford comma while listing the parties.  (Dkt. 23 at 6.)  In that count, Plaintiff seeks specific relief from Defendant SPS, so this Court disagrees with the Magistrate Judge and interprets the count to include Defendant SPS.  (Dkt. 2 ¶ 10.) The Court notes this disagreement for accuracy purposes, but its finding is immaterial to the outcome.

Loan Debt on the subject property was cancelled pursuant to the Cancellation of Debt Form 1099-C." (*Id.* ¶¶ 21–23.) Plaintiff asserts he "is entitled to a refund of all payments made after the debt was cancelled on June 27, 2019." (*Id.*) In Count V, entitled "Violation of the FDCPA," Plaintiff alleges Defendants O'Brien and SPS "are continuing to collect amounts already written off and charged off as a tax write off." (*Id.* ¶ 27.) Plaintiff contends "Defendants are still reporting the Cancelled Debt on Plaintiff's Credit Reports, they continue to seek to collect a debt which has already been cancelled and is not owed, in violation of the FDCPA (Fair Debt Collection Practices Act)." (*Id.* ¶ 28.) Plaintiff also alleges the "stated Balance on Defendant SPS's Statement continues to include the Cancelled portion of the Debt, which is false and misleading and a violation of the Act." (*Id.*) Lastly, in Count VI, entitled "Violation of the FCRA," Plaintiff alleges Defendants O'Brien and SPS "continue their wrongful acts of false reporting of Cancelled Debt on Plaintiff's Credit Report, in violation of the FCRA (Fair Credit Reporting Act)." (*Id.* ¶ 31.) He contends "every act of falsely reporting on Plaintiff's Credit Report is a separate violation of the Act," and "demands statutory damages for each and every instance of Defendants false reporting of the Cancelled

6

Debt on Plaintiff's Credit Reports from the date the debt was cancelled forward." (*Id.* ¶ 32.)

Defendants move to dismiss the complaint. (Dkts. 4; 8.)

## II.   Standard of Review

Federal Rule of Civil Procedure 8(a)(2) states that a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," sufficient to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Here, Defendants move to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Dkts. 4; 8.) "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Whether a complaint states a plausible claim is a context-specific task for the court to decide, but "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not

'shown'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

The Supreme Court mandates the liberal interpretation of pro se plaintiff complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court holds documents filed by pro se plaintiffs to a less rigorous standard than formal pleadings prepared by lawyers. *Id.* Although the Court affords pro se plaintiff complaints leniency in review, it does not excuse adherence to the threshold requirements outlined by the Federal Rules of Civil Procedure. *See Trawinski v. United Techs.*, 313 F.3d 1295, 1297 (11th Cir. 2002).

## III. Discussion

### A. Defendant Deutsche Bank

The Magistrate Judge determined Plaintiff failed to allege Defendant Deutsche Bank breached any contract with him, nor did he allege that Defendant Deutsche Bank violated the FDCPA or the FCRA. (Dkt. 23 at 47.) In fact, the Magistrate Judge noted Plaintiff barely mentioned Defendant Deutsche Bank at all, except to allege that it "is the owner and holder of the mortgage note in question or is the investor in that mortgage." (Dkts. 2 ¶ 4; 23 at 47.) The Magistrate Judge thus

8

concluded Plaintiff failed to state a plausible claim for relief against Defendant Deutsche Bank.  (Dkt. 23 at 48.)  He recommends the Court dismiss all Plaintiff claims against Defendant Deutsche Bank.  (*Id*.)  The Court finds no plain error in this recommendation.[7]

Accordingly, the Court adopts the Magistrate Judge's R&R and grants Defendants' motion to dismiss (Dkt. 8) as to all counts against Defendant Deutsche Bank for failure to state a claim.

## B.   Defendant O'Brien

In the notice of removal filed November 25, 2020, Defendants claimed "Defendant O'Brien has not been served with either the Verified Complaint or the Amended Verified Complaint or any Summons and therefore preserves all defenses related to lack of jurisdiction, insufficient

---

[7] When evaluating a motion to dismiss under Rule 12(b)(6), a court ordinarily may not consider matters outside the pleadings; however, if a plaintiff refers to documents central to the claim in the complaint, the court may consider them to resolve the motion.  *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).  Here, the Magistrate Judge concluded, under Federal Rule of Civil Procedure 10(c), the exhibits Plaintiff attached to the complaint may be considered part of the pleading for all purposes.  (Dkt. 23 at 14.)  The Court finds no plain error in this recommendation.  Furthermore, the Eleventh Circuit stipulates that exhibits attached to the complaint control if they contradict the allegations of the complaint.  *See Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205–06 (11th Cir. 2007).

process and insufficient service of process." (Dkt. 1 at 2 n.2.) Accordingly, Defendant O'Brien moved to dismiss the claims against him pursuant to Rules 12(b)(2), (4), and (5) for lack of personal jurisdiction, insufficient process, and insufficient service of process. (Dkt. 8-1 at 19–20.)

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when the defendant has not been served." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). When a court finds a defendant has not been properly served under the Federal Rules of Civil Procedure, it is "improper for the district court to . . . reach[] the merits in th[e] case." *Jackson v. Johns*, 259 F. App'x 181, 183 (11th Cir. 2007). "An objection to service of process 'must be specific and must point out in what manner the plaintiff has failed to satisfy the requirements of the service provision utilized.'" *Binns v. City of Marietta Hous. Auth.*, No. 1:07-cv-0070-RWS, 2007 WL 2746695, at *2 (N.D. Ga. Sept. 18, 2007) (quoting *Photolab Corp. v. Simplex Specialty Co.*, 806 F.2d 807, 810 (8th Cir. 1986)); *see also Lowdon PTY Ltd. v. Westminster Ceramics, LLC*, 534 F. Supp. 2d 1354, 1360 (N.D. Ga. 2008). "[T]he serving party (i.e., Plaintiffs) bears the burden of proof with regard to validity of service." *Anderson v. Dunbar Armored, Inc.*, 678 F. Supp.

2d 1280, 1297 (N.D. Ga. 2009) (citing *Sys. Sings Supplies v. U.S. Dep't of Just.*, 903 F.2d 1011, 1013 (5th Cir. 1990)).  Rule 4(m) provides the time limit for effecting service:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Here, the Magistrate Judge determined Plaintiff supplied no proof he attempted to serve Defendant O'Brien.[8]  (Dkt. 23 at 52.)  Furthermore, after removal to this Court on November 25, 2020, Plaintiff had 90 days, the time period provided by Federal Rule of Civil Procedure 4(m), to serve Defendants.  (*Id.* at 53 (citing *Ritts v. Dealers All. Credit Corp.*, 989 F. Supp. 1475, 1479 (N.D. Ga. 1997)).)[9]  The Magistrate Judge determined

---

[8] Plaintiff filed an "Affidavit of Service" indicating he served a person named "Carmen Berumen" who is identified as a "corporate paralegal" on behalf of Defendant SPS on February 8, 2021.  (Dkt. 19.)  The Magistrate Judge concluded Plaintiff failed to file any proof of service indicating that he made any attempt to personally serve Defendant O'Brien.  (Dkt. 23 at 52–53 n.12.)

[9] In both the notice of removal (Dkt. 1) and motion to dismiss (Dkt. 8) Defendants placed Plaintiff on notice for his failure to serve Defendant

Plaintiff failed to provide any proof he served or attempted to serve Defendant O'Brien by the February 24, 2021 deadline. (*Id.*) Further, the Magistrate Judge determined Rule 4(m) authorized the Court to dismiss Plaintiff's claims against O'Brien because Defendants placed him on notice of his failure to serve Defendant O'Brien and he failed to show good cause for that failure or request additional time for service. (*Id.*) The Magistrate Judge recommends the Court dismiss Plaintiff's claims against Defendant O'Brien without prejudice for failure to serve and lack of personal jurisdiction. (*Id.* at 54.) The Court finds no plain error in this recommendation.[10]

Accordingly, the Court adopts the Magistrate Judge's R&R and dismisses without prejudice Plaintiff's claims against Defendant O'Brien for failure to serve and lack of personal jurisdiction.

---

O'Brien, but Plaintiff failed to address the issue in his response. (Dkt. 13.)

[10] The Magistrate Judge concluded, even had Plaintiff shown he served Defendant O'Brien with the summons and complaint, his claims against Defendant O'Brien would likely still fail as a matter of law for the same reasons his claims against Defendant SPS fail. (Dkt. 23 at 54 n.14.) Since the Court dismisses Plaintiff's claims against Defendant O'Brien without prejudice for lack of service, the Court declines to address Defendant O'Brien's other grounds for dismissal.

## C.    Breach of Contract

The Magistrate Judge concluded Counts I, II, and IV stem from an alleged breach of contract.  (Dkt. 23 at 18.)  Under Georgia law, the essential elements of a breach-of-contract claim are: (1) a valid contract; (2) material breach of its terms; and (3) damages arising therefrom.  *See Odem v. Pace Acad.*, 510 S.E.2d 326, 331–32 (Ga. Ct. App. 1998); *Budget Rent-A-Car of Atlanta, Inc. v. Webb*, 469 S.E.2d 712, 713 (Ga. Ct. App. 1996) ("The elements of a right to recover for a breach of contract are the breach and the *resultant* damages to the party who has the right to complain about the contract being broken.").

To state such a claim under Georgia law, a plaintiff must first establish the existence of a valid and enforceable contract.  *Broughton v. Johnson*, 545 S.E.2d 370, 371 (Ga. Ct. App. 2001).  A valid contract requires "parties able to contract, a consideration moving to the contract, the assent of the parties to the terms of the contract, and a subject matter upon which the contract can operate."  *See* O.C.G.A. § 13-3-1.  A plaintiff has the burden of pleading and proving the existence of a valid contract by showing each element.  *Eastview Healthcare, LLC v. Synertx, Inc.*, 674 S.E.2d 641, 646 (Ga. Ct. App. 2009).

13

A plaintiff asserting a breach of contract claim must also identify a specific contractual term or provision the defendant allegedly violated. *See Am. Casual Dining, L.P. v. Moe's Sw. Grill, LLC*, 426 F. Supp. 2d 1356, 1369–70 (N.D. Ga. 2006) ("Because American Casual cannot point to any contractual provision that Moe's breached by failing to act in the manner set forth above, American Casual cannot state a claim for breach of contract based on these allegations." (citing *Adkins v. Cagle Foods JV, LLC*, 441 F.3d 1320, 1327 (11th Cir. 2005))).   Once the plaintiff establishes the existence of a contract, he may recover damages for breach of contract only if he demonstrates: (1) plaintiff's performance of the contract; (2) defendant's breach of the contract; and (3) that the breach caused the plaintiff harm.  *Jones v. Cent. Builders Supply Co.*, 121 S.E.2d 633, 638 (Ga. 1961) (citations omitted).

### 1.   Defendant Chase

The Magistrate Judge evaluated Plaintiff's claims against Defendant Chase in Counts I, II, and IV for breach of contract.  (Dkt. 23 at 18–23.)   As to Counts I and II, the Magistrate Judge concluded Plaintiff failed to identify any Settlement Agreement term or provision he alleged Defendant Chase violated.  (*Id.* at 21.)   The Settlement

Agreement provided Defendant Chase pay Plaintiff $2,500. (Dkt. 2-1.) Plaintiff did not assert Defendant Chase ever failed to pay him that money, nor does he explain how it violated any other term of the Settlement Agreement. (Dkt. 23 at 21.) Moreover, regarding Count I, the Magistrate Judge determined Plaintiff failed to show any evidence his claims originate from the Settlement Agreement. (*Id.* at 22.) The Magistrate Judge found no term or provision suggesting Defendant Chase agreed to cancel any debt upon review of the Settlement Agreement. (*Id.*)

As to Count IV, Plaintiff alleges his "Mortgage Loan Debt on the subject property was Cancelled pursuant to the Cancellation of Debt Form 1099-C," and he "is entitled to a refund of all payments made after the debt was cancelled on June 27, 2019." (Dkt. 2 ¶¶ 21–23.) The Magistrate Judge determined Plaintiff failed to allege he ever made any payments to Defendant Chase at any time, let alone any time after June 27, 2019. (Dkt. 23 at 22.) Nor does Plaintiff allege he had a contract or agreement with Defendant Chase involving any cancellation of debt. (*Id.*) To the extent Plaintiff relied on the cancellation of debt form 1099-C to show the existence of a contract to cancel debt, the document does not

indicate Defendant Chase was a party to any agreement to cancel any debt. (*Id.*) Furthermore, the form states on its face that the creditor's name is Defendant SPS. (Dkts. 1-2 at 16; 23 at 22.) For these reasons, the Magistrate Judge concluded Plaintiff failed to state a claim against Defendant Chase for breach of contract and recommends the Court dismiss Counts I, II, and IV against Defendant Chase. (Dkt. 23 at 23.) The Court finds no plain error in this recommendation.

Accordingly, the Court adopts the Magistrate Judge's R&R and grants Defendant Chase's motion to dismiss (Dkt. 4) as to Counts I, II, and IV for failure to state a claim.

### 2.    Defendant SPS

The Magistrate Judge evaluated Plaintiff's claims against Defendant SPS in Counts I, II, and IV for breach of contract. (Dkt. 23 at 33–42.) As to Counts I and II, the Magistrate Judge determined Plaintiff's breach of contract claim against Defendant SPS failed because the Settlement Agreement indicates it was an agreement between Plaintiff and Defendant Chase. (*Id.* at 35.) He concluded Plaintiff alleged no facts to support any plausible claim Defendant SPS was a party to the Settlement Agreement or was bound by its terms. (*Id.*) Moreover,

Plaintiff did not allege any facts suggesting Defendant SPS violated the Settlement Agreement in any way, even if it had been a party. (*Id.*)

As to Count IV, the Magistrate Judge determined Plaintiff's breach of contract claim against Defendant SPS originates from the Cancellation of Debt Form 1099-C. (Dkts. 2 ¶ 7; 23 at 35.)[11] The Magistrate Judge then concluded that form is not a valid and enforceable contract between Plaintiff and Defendant SPS. (Dkt. 23 at 40.) The document indicates it is merely a form provided to the IRS and only states the amount of debt discharged ($270,705.21). (Dkts. 1-2 at 16; 23 at 40.) The code "F" on the form indicates (according to the IRS Instructions) that there has been a "discharge of indebtedness under an agreement between the creditor and the debtor to cancel the debt at less than full consideration." (Dkts. 8-5

---

[11] Plaintiff attached the Form 1099-C to his original Complaint. (Dkt. 1-2.) Defendants SPS, O'Brien, and Deutsche Bank also attached to their motion to dismiss, the IRS Instructions for Forms 1099-C and a Loan Modification Agreement signed by Plaintiff on June 24, 2019, which is referenced in the Form 1099-C included in the complaint. (Dkts. 8-5; 8-6.) Because Plaintiff attached the IRS form, because it refers to the Loan Modification Agreement, and because the Loan Modification Agreement is central to Plaintiff's claims, the Magistrate Judge concluded the Court can consider the Loan Modification Agreement. (Dkt. 23 at 36.) The Court finds no plain error in this determination.

at 5; 23 at 40.)  Thus, the Magistrate Judge concluded the form refers to an agreement but is not itself an enforceable agreement.

Defendant SPS produced that specific agreement, the Loan Modification Agreement.  (Dkt. 23 at 40.)  Plaintiff failed to state a plausible claim for breach of contract against Defendant SPS based on review of the document.  (*Id.* at 41.)  It states a certain portion of Plaintiff's mortgage loan may be forgiven under certain circumstances—specifically if Plaintiff avoids defaulting on any new payments and if he makes full payments for three years from June 1, 2019.  (Dkts. 8-6; 23 at 41.)  The Magistrate Judge concluded Plaintiff failed to allege he met these conditions.  (Dkt. 23 at 41.)  And the exhibits he attached to his complaint indicate he was in default.  (Dkts. 1-6; 1-7; 23 at 41.)  The Magistrate Judge thus concluded Plaintiff failed to state a plausible claim against Defendant SPS for breach of contract.  (Dkt. 23 at 41.)  He recommends the Court dismiss Counts I, II, and IV against Defendant SPS for failure to state a claim.  (*Id.* at 42.)  The Court finds no plain error in this recommendation.

Accordingly, the Court adopts the Magistrate Judge's R&R and grants Defendants' motion to dismiss (Dkt. 8) as to Counts I, II, and IV against Defendant SPS, for failure to state a claim.

### D.    Fair Debt Collection Practices Act

In Count V, Plaintiff asserts a claim under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* (Dkt. 2 ¶¶ 26–29.) Plaintiff asserts this claim only against Defendants O'Brien and SPS; he does not allege that Defendants Chase or Deutsche Bank violated the FDCPA. (*Id.* ¶ 27.) "To prevail on an FDCPA claim, a plaintiff must establish that: (1) she has been the object of collection activity arising from a consumer debt; (2) the defendant attempting to collect the debt qualifies as a debt collector under the Act; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA." *Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1363 (N.D. Ga. 2011) (alterations adopted) (internal quotation marks omitted) (quoting *Buckley v. Bayrock Mortg. Corp.*, No. 1:09-cv-1387-TWT, 2010 WL 476673, at *6 (N.D. Ga. Feb. 5, 2010)). It is well-established the FDCPA applies only to "debt collectors" and not to creditors or servicers. *See* 15 U.S.C. § 1692a(6); *see also Correa v. BAC*

*Home Loans Servicing LP*, No. 6:11-cv-1197-Orl-22DAB, 2012 WL 1176701, at *11 (M.D. Fla. Apr. 9, 2012) (explaining that the "critical element is whether the defendant is a debt collector" as defined under the statute). Additionally, the statute excludes from the definition of "debt collector," any person who acquires a debt before it is in default. *See* 15 U.S.C. § 1692a(6)(F). This exclusion "has been interpreted by courts to mean mortgage servicers are not covered by the FDCPA if they began servicing the loan at a time when it was not in default." *Stroman v. Bank of Am. Corp.*, 852 F. Supp. 2d 1366, 1375 (N.D. Ga. 2012). Thus, to state a plausible claim a particular entity is a debt collector under the FDCPA, a plaintiff must allege a sufficient factual basis to allow a reasonable inference that the entity's principal purpose is the collection of debts or that it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. *See Davidson v. Cap. One Bank (USA), N.A.*, 797 F.3d 1309, 1317–18 (11th Cir. 2015).

Here, the Magistrate Judge concluded Plaintiff failed to allege Defendant SPS's status as a debt collector as defined by the FDCPA. (Dkt. 23 at 44.) Further, Plaintiff does not allege any facts indicating Defendant SPS acted as a debt collector under the FDCPA for the purpose

of attempting to collect Plaintiff's alleged debts.  (*Id.*)  The Magistrate Judge thus recommends the Court dismiss Count V.  (*Id.*)  The Court finds no plain error in this recommendation.

Accordingly, the Court adopts **ADOPTS** the Magistrate Judge's R&R and grants Defendants' motions to dismiss as to Count V for failure to state a claim.

### E.    Fair Credit Reporting Act

In Count VI, Plaintiff alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*  (Dkt. 2 ¶¶ 30–32.)  Plaintiff asserts this claim only against Defendants O'Brien and SPS; he does not allege that Defendants Chase or Deutsche Bank violated the FCRA.  (*Id.* ¶ 31.)  Plaintiff did not allege Defendant SPS was a credit reporting agency, but rather merely asserts it furnished "false and misleading" information on his credit report.  (*Id.* ¶¶ 30–32.)  Under the FCRA, however, a furnisher of credit information is only liable to a consumer in limited circumstances.  Section 1681s–2(b) of the FCRA, for example, requires furnishers to investigate and respond promptly to notice of a dispute regarding the completeness or accuracy of information provided to a consumer reporting agency.  15 U.S.C. § 1681s-2(b).  This provision

of the FRCA may be enforced through a private right of action, but only if the furnisher received notice of the dispute through a consumer reporting agency and failed to investigate the dispute. *See Green v. RBS Nat'l Bank*, 288 F. App'x 641, 642 (11th Cir. 2008). Here, the Magistrate Judge concluded Plaintiff did not allege he disputed any information to any credit reporting agency, that such agency forwarded the dispute to Defendant SPS, or that Defendant SPS thereafter failed to reasonably investigate the dispute and continued to report "false and misleading" information on Plaintiff's credit report. (Dkt. 23 at 45–46.) Thus, the Magistrate Judge recommends the Court dismiss Count VI because Plaintiff failed to state a plausible claim that Defendant SPS violated the FCRA. (*Id.* at 46.) The Court finds no plain error in this recommendation.

Accordingly, the Court adopts the Magistrate Judge's R&R and grants Defendants' motions to dismiss as to Count IV for failure to state a claim.

### F.   Declaratory Judgment

In Count III, Plaintiff generally asserts a claim for declaratory relief. (Dkt. 2 ¶¶ 14–19.) Under Georgia law, declaratory relief may be

issued only in cases of actual controversy. *See* O.C.G.A. § 9-4-2. Federal law similarly requires an "actual controversy" to issue declaratory judgment. *Emory v. Peeler*, 756 F.2d 1547, 1552 (11th Cir. 1985).

Here, the Magistrate Judge determined Plaintiff failed to establish an "actual controversy" with Defendants Chase, SPS, or Deutsche Bank that entitles him declaratory relief. (Dkt. 23 at 33, 46–48.) Plaintiff did not allege any facts indicating Defendant Chase violated the Settlement Agreement, made any agreement with him to cancel any debt, or that it continues to attempt to collect "allegedly cancelled" debt. (*Id.* at 33.) Thus, the Magistrate Judge concluded Plaintiff's request for declaratory relief must fail because his breach of contract claims failed as a matter of law. (*Id.*) Furthermore, the Magistrate Judge determined Plaintiff's claim for declaratory relief against Defendants SPS and Deutsche Bank for breach of contract, violation of the FDCA, and FCRA failed to state a substantive claim against Defendant SPS and Deutsche Bank. (*Id.* at 47–48.) Thus, his claim for declaratory relief is also subject to dismissal. (*Id.* (citing *Hull v. CitiBank, N.A.*, No. 1:13-cv-492-RWS, 2013 WL 4955584, at *4 (N.D. Ga. Sept. 11, 2013) (dismissing plaintiff's claim for declaratory judgment after concluding all substantive claims failed to

state a claim for relief)).)  The Magistrate Judge recommends the Court dismiss Count III for failure to state a claim.  (*Id.* at 33, 47–48.)  The Court finds no plain error in this recommendation.

Accordingly, the Court adopts the Magistrate Judge's R&R and grants Defendants' motions to dismiss as to Count III for failure to state a claim.

## G. Plaintiff's Right to Amend

Pro se plaintiffs who file deficient complaints can generally replead, unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45–46.  The Magistrate Judge determined Plaintiff should have the opportunity to amend his complaint to adequately state a claim against Defendants Chase, SPS, or Deutsche Bank before his claims are dismissed with prejudice because he was unaware of the complaint's specific deficiencies and because it is not clear he is unable to remedy these deficiencies.  (Dkt. 23 at 54–55.)  Thus, the Magistrate Judge recommends the Court grant Plaintiff thirty days to file a second amended complaint.  (*Id.* at 55.)  The Court finds no plain error in this recommendation.

## IV.   Conclusion

The Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Dkt. 23) and **GRANTS** Defendants' Motions to Dismiss (Dkts. 4; 8).  The Court **DISMISSES** Plaintiff's claims against Defendants Chase, SPS, and Deutsche Bank for failure to state a claim with leave to replead within thirty (30) days from the date of entry of this order on the docket.  The Court **DISMISSES WITHOUT PREJUDICE** the claims against Defendant O'Brien because Plaintiff failed to serve him with the summons and complaint.  The Court **DIRECTS** the Clerk to submit this matter to the Magistrate Judge if Plaintiff fails to file an amended complaint.

**SO ORDERED** this 6th day of August, 2021.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE